**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4854**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CLIFTON BARNES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Frank D. Whitney, District Judge.  (3:05-cr-00256-FDW-1)

Submitted:  September 30, 2011        Decided:  October 26, 2011

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clifton Barnes appeals from his conviction and resulting 262-month sentence after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C) (2006). (ER 212). Barnes' counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that in his view, there are no meritorious issues, but raising the issue of whether the district court erred in denying Barnes' motion to withdraw his guilty plea. We conclude that the court did not err in denying Barnes' motion to withdraw as to the possession with intent to distribute count, and affirm that conviction. We reverse Barnes' felon in possession of a firearm conviction, and vacate the sentence and remand for resentencing in light of United States v. Simmons, 649 F.3d 237, 2011 WL 3607266 (4th Cir. Aug. 17, 2011).

Barnes moved to withdraw his guilty plea after the presentence report (PSR) was prepared showing that he qualified as a career offender and citing the statutory maximum for the possession with intent to distribute cocaine base count was life imprisonment. Because of an error in the superseding indictment, which did not specify drug quantity, the statutory maximum was reduced from life to thirty years. The court held a

2

hearing on the motion to withdraw and denied the motion. Prior to sentencing, the Government filed a "Notice of Intention to Seek Enhanced Penalties Title 21 U.S.C. § 851" noting Barnes had been previously convicted in 1995 and 2000 in North Carolina state court of felony possession of cocaine with intent to sell/deliver cocaine. These are the same convictions that were relied on as predicate offenses for the felon in possession of a firearm count and for the career offender Guideline.

At sentencing, counsel filed a general objection to the entire PSR, and the court permitted Barnes to discuss each paragraph to which he objected. Among other things, Barnes objected to the use of the North Carolina convictions to increase his sentence based on the career offender enhancement because the sentences he received were not more than twelve months. The court denied the objection. The court sentenced Barnes to 120 months on the felon in possession of a firearm count and 262 months for possession with intent to distribute cocaine base, to be served concurrently.

At the time of Barnes' indictment and conviction, this court determined whether a prior conviction qualified as a felony for purposes of § 922(g)(1) by considering "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). While

3

Barnes' appeal was pending, however, Harp was overruled by the en banc decision in Simmons. See Simmons, 2011 WL 3607266, at *3. Simmons held that a prior North Carolina offense was punishable for a term exceeding one year only if the particular defendant before the court had been eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense. Id. at *8; see also N.C. Gen. Stat. § 15A-1340.17(c), (d) (2009) (setting forth North Carolina's structured sentencing scheme).

Under Simmons, it does not appear that Barnes' prior North Carolina convictions were crimes punishable by imprisonment for terms exceeding one year for purposes of the federal felon-in-possession statute. We do not have the state court record on appeal. However, in light of Barnes' 5-6 and 6-8 month sentences, under the North Carolina sentencing table, it appears that Barnes could not have received a sentence of more than twelve months. See N.C. Gen. Stat. § 15A-1340.17(c), (d).

Accordingly, we vacate Barnes' conviction and sentence on the felon in possession of a firearm count and remand for further proceedings. Because these convictions served as the

4

basis for the § 851 information and career offender status,[1] we also vacate the sentence for the drug offense and remand for resentencing.

Barnes' counsel questions whether the district court abused its discretion in denying Barnes' motion to withdraw his guilty plea, but ultimately concludes that the court did not err in denying the motion. Barnes also raises this issue in his pro se informal brief, arguing that he should have been permitted to withdraw his plea because he thought he would be able to challenge the motion to suppress ruling and that his understanding was that he would not receive a sentence above 188 months.

This court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "A defendant has no absolute right to withdraw a guilty plea." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted). Once the district court has accepted a defendant's guilty plea, it is within the court's discretion whether to grant a motion to withdraw it. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). The

---

[1] Barnes contested the applicability of the career offender status in his pro se informal brief.

defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); Battle, 499 F.3d at 319. "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). "[R]eversal is warranted only if the plea proceedings were marred by a fundamental defect that inherently resulted in a complete miscarriage of justice, or in omissions inconsistent with rudimentary demands of fair procedure." Ubakanma, 215 F.3d at 425.

When considering whether to allow a defendant to withdraw a guilty plea, the trial court must conduct the six-factor analysis announced in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Under Moore, a district court considers:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id.

Although all the factors in Moore should be given appropriate weight, the key to determining whether a motion to

6

withdraw should be granted is whether the Rule 11 hearing was properly conducted. Bowman, 348 F.3d at 414; United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. Lambey, 974 F.2d at 1394.

Here, the district court substantially complied with the mandates of Rule 11 in accepting Barnes' guilty plea. Therefore, the plea is presumed to be "final and binding." Id. Moreover, Barnes has failed to establish the existence of a "fair and just" reason for withdrawing the plea. See Fed. R. Crim. P. 11(d)(2)(B).

Because, of the six Moore factors, the first two of whether the plea was knowing and voluntary and whether the defendant is innocent are the most important factors to consider, we conclude the district court did not abuse its discretion in denying Barnes' motion to withdraw. At the hearing, Barnes claimed that he thought the maximum sentence would be 188 months. In addition, he thought that even though he was pleading guilty he would be able to raise a suppression issue on appeal. Barnes pleaded "straight up" and maintained his appellate rights; however, this does not entitle him to challenge antecedent constitutional claims related to his conviction.

The district court held a lengthy hearing on the motion to withdraw with testimony by Barnes and a detective involved at the scene of arrest. The court properly decided that the guilty plea was voluntary and knowing even though the sentencing range was 188-235 months instead of the maximum of 188 months alleged by Barnes.[2] The court held that, even if an estimated sentence of 188 months was what Barnes understood, it was sufficient for the defendant to be informed because the court told Barnes that it was an estimate of his sentence. Further, at the hearing, Barnes admitted that he remembered the Assistant U.S. Attorney saying that he would recommend 188, the low end of the Guidelines range. At the Rule 11 hearing, Barnes' counsel stated that the sentence would be 188 months to "two hundred something." The transcript of the Rule 11 hearing demonstrates that the AUSA stated that Barnes is a career offender, and that 188 would be the low end of the Guidelines range. Barnes also acknowledged at the Rule 11 hearing that the court had discretion to impose a higher sentence.

The court also found that Barnes had not met his burden to prove factual innocence since, at the time officers executed a search warrant at his residence, he was found covered

---

[2] This was the applicable Guidelines range before the court struck the three-level reduction for acceptance of responsibility.

in cocaine paste and running out of the residence.  The officers found cocaine, scales, crack, pyrex containers containing crack, an amount of crack mixture in a bowl in the microwave, and smudges of crack paste on the kitchen counter, doorway, and out the door that Barnes ran through.  Barnes claimed that he did not know what the paste was or how it got on him.  However, no one else in the residence had crack paste or residue on them.  We conclude the court did not err in finding that Barnes had not made a credible showing of his legal innocence.  In consideration of these findings and reviewing the other Moore factors, we conclude that the court did not abuse its discretion in denying the motion.

In accordance with Anders, we have reviewed the record in this case and have found no other meritorious issues for appeal.  We therefore affirm in part, vacate in part, and remand.  We deny Barnes' motions to produce grand jury records and for a transcript at Government expense and motion for discovery.  This court requires that counsel inform Barnes, in writing, of the right to petition the Supreme Court of the United States for further review.  If Barnes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Barnes.

9

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>